**Maurice L. GATES, Petitioner–Appellant,**

v.

**Edward S. ALAMEIDA, Jr., Director, Respondent–Appellee.**

No. 06–16080.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007.*

Filed April 20, 2007.

Maurice L. Gates, Folsom, CA, pro se.

Dorian Jung, Office of the California Attorney General, Oakland, CA, Respondent–Appellee.

Before: O'SCANNLAIN, GRABER, and CLIFTON, Circuit Judges.

MEMORANDUM **

California state prisoner Maurice L. Gates appeals pro se from the district court's judgment denying his 28 U.S.C. § 2254 petition on the merits. We have jurisdiction pursuant to 28 U.S.C. § 2253(a), and we affirm.

Gates contends that his sentence of 28 years to life for possession of 0.18 grams of cocaine in violation of Cal. Health & Safety Code § 11350(a), and possession of paraphernalia for smoking a controlled sub-stance in violation of Cal. Health & Safety Code § 11364, constitutes cruel and unusual punishment under the Eight Amendment to the United States Constitution. In light of Gates' prior convictions for forcible rape and robbery, we conclude that the state court's decision was not an unreasonable application of the Supreme Court's gross disproportionality standard. *See* 28 U.S.C. § 2254(d)(1); *Lockyer v. Andrade,* 538 U.S. 63, 66–67, 73–76, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003) (denying habeas relief where petitioner was convicted of theft of videotapes worth approximately $150, and prior offenses included first-degree burglary, transportation of marijuana and escape from prison); *cf. Solem v. Helm,* 463 U.S. 277, 297, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983) (vacating denial of habeas relief where "all [of Helm's convictions] were nonviolent and none was a crime against a person"); *Ramirez v. Castro,* 365 F.3d 755, 768 (9th Cir.2004) (affirming grant of habeas relief where strikes "were nonviolent in nature").

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.